ORIGINAL

NORTHERN DISTRICT OF TEXAS
FILED
JUN 25 2013
CLERK, US DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE BURRELL,<br>*Plaintiff*<br><br>v.<br><br>PNYX LIMITED PARTNERSHIP,<br>and ALTHKOS, INC.,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.:<br><br>**Complaint for Accommodation<br>Discrimination Under the A.D.A.**<br><br>**JURY TRIAL**<br><br>**313 - CV2448 - G** |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Lee Burrell is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq* and the Tex. Hum. Res. Code § 121.001 *et seq*. This Complaint seeks redress for past and continuing discrimination against persons with disabilities and to bring the premises into compliance with the ADAAG[1]. This discrimination is occurring at the shopping plaza at 13021 Coit Road, Dallas, Dallas County, Texas (the "Center").

2. Plaintiff seeks to enjoin the Defendants from maintaining and to require that the Defendants remove the architectural barriers that interfere with Plaintiff's right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendants at this Center.

---

[1] Federal ADA Guidelines for Buildings and Facilities, 28 CFR Part 36, Appendix A, (the "ADAAG").

3.      Plaintiff also seeks a permanent injunction to prevent the Defendants from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

## JURISDICTION

4.      This Court has jurisdiction over the federal claims brought in this action under 28 U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over any state claims pertaining to this discrimination under 28 U.S.C. §1367.

## PARTIES

5.      Plaintiff Lee Burrell is an individual with a disability within the meaning of the ADA Sec. 3(2)(A), 42 U.S.C. 12102(2)(A) ), and a "Person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4). He uses a wheelchair for mobility.

6.      Defendant PNYX Limited Partnership is a Texas Limited Partnership doing business in Texas. PNYX Limited Partnership the Shopping Center in this case. Althkos, Inc. is the registered agent for service of process for PYNX Limited Partnership and its representative, Alexi Mantas, can be reached at 5823 Deloache, Dallas, Texas 75225.

7.      Defendant Althkos, Inc. is the General Partner of PNYX Limited partnership. Althkos, Inc. is a Texas General Partner Corporation doing business in Texas. The registered agent for service of process on Althkos, Inc. is Alexi Mantas, and she can be reached at 5823 Deloache, Dallas, Texas 75225.

All of the Defendants together are herein collectively referred to as "the Landlords."

8. The Landlords own the real property where the Center is located. The Landlords presumably "lease to" the tenants who then own or operate the businesses within the Center. There are numerous different businesses located at the Center such as the Burger Bueno. The tenants, are also jointly and severally responsible for the access into their premises under the ADA. The Center has its own parking and is generally located at 13021 Coit Road, Dallas, Dallas County, Texas, and more particularly described in Dallas County records as LBJ Coit Northwest, Block C/7497, Lot 1B, containing 1.011 acres, more or less. The real property is referred to as the Center and has a value in excess of one million three hundred thousand dollars, ($1,300,000.00).

## BACKGROUND

9. More than 20 years ago Congress determined that disabled people, such as the Plaintiff, were being discriminated against by businesses, such as the Center. Specifically Congress found *inter alia* the following:

   (a) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (d)    unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

    (e)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; 42 S.C. 12101(a).

10.    As a result of these findings the Congress passed the Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sec. 12101 *et seq.* That act forms the basis for this action. The ADA was designed to do several things, specifically among other things:

    (a)    to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (b)    to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 U.S.C. 12101(b).

11.    As a result of Mr. Burrell's disability, using many public accommodations is already difficult. The Defendants, by failing to comply with the law, continue the discriminatory effects that the law sought to reform. Under the law, both the landlord who owns the building and the tenants who own or operate the places of public accommodation are liable for the violations of the ADA alleged herein. <u>As between those parties</u>, allocation of responsibility for complying with the obligations of the ADA may be determined by lease or other contract.[2] 36 C.F.R. 201 (b).

---

## PRE-SUIT NOTICE WAS PROVIDED

12. Congress provided that the primary enforcement mechanism for the ADA would be private citizens, like Mr. Burrell. Private citizens have been given the right to file suit to enforce this civil rights law to assure access to the public accommodations in the United States. Mr. Burrell, through this suit, seeks to enforce that right. The Center is completely under the control of the Defendants. Therefore the existence of the barriers is the responsibility of the Defendants in this case. The Plaintiff has no control of the Center or the fact that he is disabled. The existence and requirements of the ADA are well known and should come as no surprise to any entity operating a business or owning commercial property.

13. No pre-suit notice is required under the statute, however, prior to filing suit counsel for plaintiff provided the Landlords with written notice that there were complaints about the Property and provided an opportunity to formally settle this matter without the need for a formal lawsuit. The Defendants should have fixed this Property a long time ago without having to be put on formal notice by counsel, but at any time prior to the filing of this suit the Defendants could have reached an actual agreement with the Plaintiff's counsel and avoided this suit. They chose not to. Mr. Burrell is now exercising his right, granted by Congress, to require that the Defendants comply with the law.

## FACTS

14. Mr. Burrell uses a wheelchair for mobility. Mr. Burrell lives in Dallas, Texas and stopped into the Center one day this winter.

---

[2] The Tenants have not been formally joined yet in an effort to try and resolve this case without that additional complication.

15. The Center is an open air shopping center or "strip center". It has its own parking. The Center has several key architectural barriers. First of all there is no accessible route to any of the businesses from the public sidewalk. Much of the "accessible parking" has slopes that exceed 2%. The curb ramps from the parking accessible route have either slopes or cross slopes that exceed the ADAAG limits. In other words the parking and the routes from the parking to the businesses are not accessible, and there is no accessible route from the businesses to either the public sidewalk.

16. This is not a complete list of the barriers at the Center. A complete list will be provided to the Defendants after discovery is conducted. This listing is merely intended to provide the Defendants with information sufficient to conform to the notice pleading requirements. The Center has not been brought into compliance with the requirements of the ADA over the last 20 years. It was readily achievable for each of the defendants to have removed at least one or more of the architectural barriers that exist at the Center.

17. Upon each visit Mr. Burrell will encounter some of the above listed architectural barriers at the Center. Despite those barriers he will continue to try and use the Center as best as he can.

18. The barriers located at the Center discriminate against him with regards to using the goods, services, facilities, privileges, advantages, and accommodations located at the Center as required by the law.

19. As a result of the Defendants' conduct and in order to pursue this matter Plaintiff retained counsel with more than 20 years of experience, including having been appointed class counsel on several occasions to represent mobility impaired individuals of Texas. The Plaintiff has agreed to pay his attorney a reasonable fee. Pursuant to his statutory rights, Mr.

Burrell will seek to recover his fees and any costs in this litigation from the Defendants if he is the prevailing party in this case.

## CAUSES OF ACTION

### Count 1
### ADA - Failure to Accommodate When Removal was Readily Achievable

20. The law requires that "[n] o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*". 42 U.S.C. §12182(a) (italics added).

21. A facility means all *or any portion of buildings*, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 CFR part 36.104 Definitions (italics added).

22. The Center and the business in it are public accommodations.

23. The ADA places an ongoing obligation on all public accommodations to remove architectural barriers from existing facilities and public accommodations if that removal is readily achievable.

> Readily achievable means easily accomplishable and able to be carried out without much difficulty or expense. In determining whether an action is readily achievable factors to be considered include --
>
> (1)   The nature and cost of the action needed under this part;
>
> (2)   The overall financial resources of the site or sites involved in the action; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements that are necessary for safe operation, including

> crime prevention measures; or the impact otherwise of the action upon the operation of the site;

    28 CFR part 36.104 Definitions

24. The Center has an overall value of more than $1,300,000.00 dollars. The Defendants, like the owners or operators of all public accommodations, have known or should have known about the obligation to make alterations to provide access into the Center. The Landlord has owned the Center for more than 15 years. It has been readily achievable for the Defendants to have removed some, one, or more of the barriers set out earlier in the "Facts" portion of this Complaint, or other barriers at the Center, but they have not done so.

25. The Justice Department has set out the priorities for barrier removal. Specifically, the Justice Department has determined as follows:

> (c) Priorities. A public accommodation is urged to take measures to comply with the barrier removal requirements of this section in accordance with the following order of priorities.
>
> (1) <u>First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces.</u>

    28 CFR part 36.304(c) (emphasis added)

26. The barriers that exist at the Center include non-compliant accessible parking, no accessible route through the facility, and no accessible route from public sidewalks to the front door. <u>20 years after this law went into effect this Center is operating with the exact same types of barriers that would have had existed before the law was passed and which the law was intended to remove. The Defendants have failed to remove the barriers that are the most basic priority in order to provide access to the facility.</u>

27. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because the Defendants have failed to remove those barriers where the removal was readily achievable.

28. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants deprive the Plaintiff of his civil liberties and thereby discriminate against him.

**Count 2**
**ADA - Improper Alterations**

29. 36 C.F.R. 406 provides that, "(a) New construction <u>and alterations</u> subject to this part shall comply with the standards for accessible design published as appendix A to this part (ADAAG)." (emphasis added) As such the law requires that alterations be built in compliance with the ADAAG new construction standards.

    (a) General.

        (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

        (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

      (b)    Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

28 C.F.R. 36.402

30. The facts in this Complaint set out and describe numerous features at the Center that "affect or could affect the usability of the building or facility or any part thereof." Some of the barriers, upon information and belief, were modified after the date of construction and after the date for "modifications" under the ADA. Until discovery is conducted, the Plaintiff cannot know exactly when any possible modifications were completed. The Plaintiff suspects that some of the parking and or curb cuts for the parking are modifications. When modifications affecting the usability of the Center are designed and constructed after the requirements of the ADA went into effect those modifications must comply with the ADAAG for new construction.

31. The Defendants discriminate against Plaintiff on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the Center in that, the Defendants do not afford to Plaintiff or any other mobility impaired individual the full and equal use and or enjoyment of or access to the goods, services, facilities, privileges, advantages, and accommodations available at the Center as required by law because they have failed to ensure that the alterations or modifications made after January 26, 1992 are accessible to the maximum extent feasible.

32. As a direct and proximate result of the Defendants' denial of appropriate and dignified access into and use of the Center, the Defendants have deprived Plaintiff of his civil liberties and thereby discriminated against him.

## REQUEST FOR RELIEF

*Wherefore* Plaintiff respectfully requests that the Court grant the following relief:

33. An order directing the Defendants to make modifications to the Center to bring it into compliance with Federal law.

34. An order directing the Defendants to stop discriminating against Mr. Burrell now and in the future.

35. An award to Plaintiffs for his attorney's fees, including litigation expenses, and costs.

36. An award to Plaintiff for all other relief legal and equitable which the Court deems just and proper.

Respectfully submitted June 20, 2013 by,

Mr. Palmer D. Bailey
Bar Card No. 01533400
Law Office of Palmer Bailey, *A Professional Corporation*
16633 Dallas Parkway, Ste. 600
Addison, TX 75001
Tel. 972.588.1863
Fax. 972.588.1801
pdbaileyesq@gmail.com

**Attorney for Plaintiff**

*Plaintiff demands a trial by jury.*

JS 44 (Rev. 3/99)L **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lee Burrell

## DEFENDANTS
PNYX Limited Partnership and ALTHKOS, INC.

3 13 - CV 2448 - G

**(b)** County of Residence of First Listed DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED JUN 25 2013 CLERK, U.S. DISTRICT COURT

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Palmer Bailey, p.c.
Attn: Palmer Bailey
16633 DALLAS PKWY, SUITE 600
ADDISON, TX 75001
972.588.1863

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | X 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |
| ☐ 290 All Other Real Property | | | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for discrimination under the ADA for accommodations 42 U.S.C. 12101 et.seq

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/20/13
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY